[889 NYS2d 430]

HSBC Bank USA, National Association, as Trustee for WFALT 2007-PA02, Plaintiff, v Jeffrey F. Miller et al., Defendants.

Supreme Court, Sullivan County, October 29, 2009

APPEARANCES OF COUNSEL

*Steven J. Baum, P.C.*, Buffalo (*Megan B. Szeliga* of counsel), for plaintiff. *John S. Edwards*, New City, for Jeffrey F. Miller, defendant.

OPINION OF THE COURT

MARK M. MEDDAUGH, J.

The plaintiff filed a motion for leave to reargue the decision and order of this court, which granted the motion of the defendant, Jeffrey F. Miller, dismissing the complaint in the above-referenced matter on the grounds that the plaintiff lacks standing to maintain this foreclosure action.

The court found, in its prior decision, that the assignment of mortgage attached to the plaintiff's papers in opposition to the original motion only referred to the assignment of the mortgage, and made no reference to the note. The court noted that the assignment had only the vague reference that "the said assignor hereby grants and conveys unto said assignee, the assignor's beneficial interest under the mortgage" which the court found was insufficient to establish that both the note and the mortgage had been assigned to the plaintiff.

Upon reargument, plaintiff's counsel asserts that the assignment provides in pertinent part that "[s]aid assignor hereby assigns unto the above named Assignee the said Mortgage, and *the full benefit of all powers and of all covenants and Provisions* therein contained, and the said Assignor hereby grants and conveys unto the Assignee, the Assignor's beneficial interest under the mortgage." (Emphasis added by plaintiff's counsel.)

Plaintiff's counsel then relies on language appearing in page three of the mortgage as follows:

> "BORROWERS TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY
>
> "I mortgage, grant and convey the property to MERS (solely as nominee for the lender and lender's successors in interest) and its successors in interest subject to the terms of the Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that Applicable Law gives to Lenders who hold mortgages on real property. I am giving Lender those rights to

protect Lender from possible losses that might result if I fail to:

"(A) *Pay all the amounts that I owe Lender as stated in the Note including*, but not limited to, all renewals, extensions, and modifications of the Note;

"(B) Pay, with interest, any amounts that lender spends under this Security Interest to protect the value of the Property and Lender's rights in the Property;

"(C) Keep all of my other promises and agreements under this *Security Instrument and the Note.*"
(Emphasis added by plaintiff's counsel.)

Plaintiff's counsel also refers to page four of the mortgage in the section entitled Covenants under the Mortgage which provides:

"I promise and agree with the Lender as follows:

"1. Borrower's Promise to Pay. I will pay to the Lender on time *Principal and Interest due under the Note* and any prepayment, late charges and other amounts *under the Note* and any prepayment, late charges and other amounts *under the Note*. I will also pay all amounts for Escrow Items under Section 3 of this Security Instrument,

"Payment due under the Note and this Security Instrument shall be made in U.S. Currency." (Emphasis added by plaintiff's counsel.)

Plaintiff argues when the assignment and mortgage are read "as a totality they make clear that the Note was transferred along with the Mortgage by and through (*sic*) the Assignment in this matter."

It is further argued that the note holder has standing to maintain a foreclosure action so long as the mortgage and note have been delivered to that party. It is further argued that case law provides that a mortgage can be transferred by delivery, without a written assignment.

The defendant, Jeffrey Miller, by his attorney, argues that the prior decision was correct in finding that, in the absence of proof that both the note and the mortgage sought to be foreclosed have been assigned to the plaintiff, the plaintiff is without standing to maintain a foreclosure action. The defendant further argues that the plaintiff has again failed to establish that it is the holder of both the mortgage and the underlying debt.

In reply, the plaintiff's counsel argues that the Court of Appeals held that where a mortgage is recorded with the Mortgage Electronic Registration Systems, Inc. (MERS) named as the lender's nominee and mortgagee on the instrument, the beneficial ownership and servicing rights may be transferred among MERS members, and that a reading of the mortgage, note and assignment "makes clear" that both the mortgage and note were assigned.

## Conclusions of Law

The plaintiff herein is requesting that the court reconsider its decision that the plaintiff failed to establish that it has standing in this action, due to the lack of a reference to the note in the assignment of the mortgage.

The plaintiff's counsel is apparently abandoning the arguments which she made in opposition to the defendant's prior motion to dismiss, in which she first cited nonexistent language in the assignment, claiming that the assignment explicitly assigned the mortgage "together with the bond or *obligation* described in said mortgage, and the moneys due to grow thereon with interest" (emphasis added by plaintiff's counsel; *see* affirmation of Megan B. Szeliga, Esq., affirmed on Mar. 6, 2009). The second assertion made by plaintiff's counsel was that "[a]s a matter of course, the note also follows the mortgage," and that "title to the Note passed upon physical delivery from MERS to the Plaintiff" (*see* affirmation of Megan B. Szeliga, Esq., affirmed on Mar. 6, 2009, ¶ 16). The assertion that the note follows the mortgage is unsupported by any law, and the assertion that the original note was transferred by physical delivery to the plaintiff is made only in an affirmation by plaintiff's counsel and is unsupported by any evidentiary factual support from a person with personal knowledge of the facts.

The plaintiff's counsel acknowledges that the note is a negotiable instrument (*see* affirmation of Megan B. Szeliga, Esq., affirmed on Mar. 6, 2009, ¶ 19). In *Slutsky v Blooming Grove Inn* (147 AD2d 208, 212 [2d Dept 1989]), the Court held that when

"[t]he note secured by the mortgage is a negotiable instrument (*see,* UCC 3-104) [it] requires indorsement on the instrument itself 'or on a paper so firmly affixed thereto as to become a part thereof' (UCC 3-202 [2]) in order to effectuate a valid 'assignment' of the entire instrument (*cf.,* UCC 3-202 [3], [4])."

In the case at bar, the note attached to the plaintiff's papers contains the following undated, unexplained indorsement on the last page thereof, "Pay to the Order of Wells Fargo Bank, N.A. without recourse by: Real Estate Mortgage Network, Inc., Eric Hahn, Vice President." It would appear, therefore, that the beneficial interest in the note was transferred to Wells Fargo Bank, N.A., and that it is Wells Fargo Bank, N.A. who is entitled to receive payments under the note. No date was provided for that transfer. By contrast, in *Mortgage Elec. Registration Sys., Inc. v Coakley* (41 AD3d 674 [2d Dept 2007]), the Court outlined the history of indorsement from the original mortgage, to another transferee, followed by an indorsement in blank which was ultimately transferred and tendered to MERS. The *Coakley* Court concluded that it had been established that MERS was the lawful owner of the promissory note and mortgage at the commencement of the action, and that it had standing to bring the action.

The court notes that the lender listed on the note is Real Estate Mortgage Network, Inc. (no reference is contained on the note to indicate that MERS has become the nominee of the lender on the note), and the note further provides that anyone who takes this note by transfer and who is entitled to receive payments under the note is called the note holder.

The court finds no proof in the papers that the note was transferred from the lender described on the note to MERS as a note holder, and even if there was proof of an initial transfer to MERS, there was no proof that the note was then transferred from MERS to the plaintiff.

The documentary proof provided by plaintiff's counsel supports a finding that the note at issue was transferred to Wells Fargo Bank, N.A., whereas the assignment of mortgage indicates that the mortgage was assigned by MERS, as nominee for Real Estate Mortgage Network, Inc., to the plaintiff herein.

In *Kluge v Fugazy* (145 AD2d 537 [2d Dept 1988]) the Court held that the assignment of a mortgage without transfer of the debt is a nullity and a cause of action for foreclosure must fail. In *Merritt v Bartholick* (36 NY 44, 45 [1867]) the Court of Appeals held that

> "[a]s a mortgage is but an incident to the debt which it is intended to secure the logical conclusion is that a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it. The security cannot be separated from the debt, and exist inde-

pendently of it. This is the necessary legal conclusion, and recognized as the rule by a long course of judicial decisions." (Citations omitted.)

It should be noted that in *Matter of MERSCORP, Inc. v Romaine* (8 NY3d 90, 100 [2006]), Judge Ciparick, in her concurring opinion, specifically notes that the Court's ruling left for another day the argument made by the County of Suffolk and various amici "that MERS has violated the clear prohibition against separating a lien from its debt and that MERS does not have standing to bring foreclosure actions . . . (*see e.g. Merritt v Bartholick*, 36 NY 44, 45 [1867])."

The plaintiff's counsel has argued that the transfer of the note to the plaintiff is implied by a combined reading of the assignment and the mortgage itself, but the court finds that the plaintiff has failed to establish that it was a holder of the note by indorsement at the time the foreclosure action was commenced (*First Trust Natl. Assn. v Meisels*, 234 AD2d 414 [2d Dept 1996]), nor did the language of the assignment explicitly assign "the note or obligation described in or secured by said mortgage" (*Matter of Stralem*, 303 AD2d 120, 121 [2d Dept 2003]). Accordingly, the court shall not alter its prior finding that the plaintiff failed to establish that it has standing to maintain the instant mortgage foreclosure proceeding.

Wherefore, based on the foregoing, the plaintiff's motion seeking reargument is denied.